UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARCUS T. SIMMONS, ) | |
| ) | |
| *Petitioner,* ) | |
| v. ) | No.   1:04-cv-298 |
| ) | *Collier/Carter* |
| STAN YATES, WARDEN, ) | |
| PAUL G. SUMMERS, ATTORNEY ) | |
| GENERAL & REPORTER, ) | |
| ) | |
| *Respondent.* ) | |

# **M E M O R A N D U M**

Petitioner Marcus T. Simmons ("Simmons" or "Petitioner") brings this petition for *writ of habeas corpus* under 28 U.S.C. § 2254 (Court File No.3). Before the Court is Respondent Paul G. Summers' ("Respondent"), Attorney General and Reporter for the State of Tennessee, motion to dismiss (Court File No. 7) and Petitioner's response (Court File No. 9).

After considering the filings of Respondent and Petitioner, the record before the Court, and the applicable law, the Court will **GRANT** Respondent's motion to dismiss (Court File No. 7). Therefore the Court necessarily will **DENY** Petitioner's § 2254 petition (Court File No. 3).

## I.   MOTION TO DISMISS

In the motion to dismiss, Respondent argues that the petition is barred by the applicable one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"). Petitioner counters that equitable tolling of the statute of limitations is applicable in his case because he was deceived by his attorney into pleading guilty. According to Petitioner, his counsel deceived him when he promised Petitioner he would receive a suspended sentence. Petitioner contends he received the promised sentence of three years suspended for five years on

Intensive Probation on January 2, 1996. However, on February 13, 1996, when Petitioner appeared in court on a petition to suspend the balance of another sentence he was serving, the court discovered he was ineligible for Intensive Probation and revoked the sentence he is challenging in this habeas petition. At that time Petitioner should have pursued his remedies and challenged the revocation of intensive probation. However, Petitioner did not pursue his remedies at that time, but instead, waited until March 10, 2002, or March 19, 2002,[1] at which time he filed an untimely state post-conviction petition.

### 1. *Timeliness of the § 2254 Petition*

AEDPA, codified in 28 U.S.C. § 2241, et seq., amended the federal habeas corpus statutes, and added a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus. The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final, or the occurrence of one of three other circumstances, none of which are relevant here. See 28 U.S.C. § 2244(d)(1)(D). However, in cases where a petitioner's conviction became final prior to the date of enactment of the AEDPA, the statute of limitation would have begun to run on April 24, 1996, the date of its enactment, and would have expired one year later on April 24, 1997. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.) (a one-year grace period applies to pre-ADEPA convictions), *cert. denied*, 530 U.S. 1210 (2000).

### 2. *Facts*

The record reflects Petitioner was convicted of aggravated assault upon his plea of guilty on January 2, 1996, in the Hamilton County Criminal Court and received a three-year suspended

---

[1] The petitioner alleges in his Memorandum that he filed a petition to vacate judgment on March 10, 2002; however, the order from the Tennessee Court of Criminal Appeals affirming the dismissal of his untimely post-conviction petition identifies March 19, 2002, as the file-date.

2

sentence and ordered to participate in a program of intensive probation for five years. However, according to petitioner, on February 13, 1996, the state court revoked his sentence because he was ineligible for intensive probation. Petitioner did not pursue a direct appeal. On June 8, 2001, Petitioner was sentenced to twenty-four (24) years and eight (8) months in federal court. Allegedly, his federal sentence was based, on his status as a "career offender" which was established, in part, with this aggravated assault state conviction at issue in this instant petition.[2]

Pursuant to the AEDPA, there is a one-year statute of limitation for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). According to the law and cases, a motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. P. In the case before the Court, this rule applies because the record reflects that Simmons' § 2254 petition was given to prison authorities by Simmons on September 15, 2004. Therefore, Simmons' motion is deemed filed as of September 15, 2004.

---

[2] After petitioner was convicted as a career offender in federal court, he filed an untimely *pro se* post-conviction petition in the Criminal Court of Hamilton County on March 10, 2002, or March 19, 2002. The trial court dismissed the petition as untimely on March 22, 2002, and the appellate court affirmed the dismissal on January 7, 2003. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on May 5, 2003. The instant habeas petition was filed on September 17, 2004. Petitioner's state post-conviction motion was filed after the one-year grace period to file a § 2254 habeas petition had expired; thus, the state filings are of no consequence in determining the timeliness of the instant habeas petition.

In this case, because Petitioner's conviction became final[3] prior to the date of enactment of the AEDPA, the statute would have begun to run on April 24, 1996, the date of its enactment, and his time for filing a § 2254 petition would have expired one year later, on April 24, 1997. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999) (holding that a one-year grace period applies to pre-ADEPA convictions), *cert. denied*, 530 U.S. 1210 (2000). Since Simmons' § 2254 petition was filed on September 15, 2004, it is time-barred by the statute of limitation.

## II. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss the habeas corpus petition will be **GRANTED** (Court File No. 7) and this case will be **DISMISSED**.

An appropriate judgment will enter.

E N T E R:

                                              **/s/**
                          **CURTIS L. COLLIER**
            **UNITED STATES DISTRICT JUDGE**

---

[3] A judgment in Tennessee becomes final thirty days after entry unless a timely post-trial motion is filed as designated in Rule 4(c) of the TENNESSEE RULES OF APPELLATE PROCEDURE. *State v. Lock,* 839 S.W.2d 436 (Tenn. Crim. App. 1992). The record does not reflect that Simmons filed any post-trial motions or pursued a direct appeal. Therefore, Simmons' judgment became final on March 13, 1996, thirty days after the state trial court revoked his challenged sentence.